09-4394-cv
Maldonado v. Valsyn

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of August, two thousand and ten.

Present:     ROBERT D. SACK,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                    *Circuit Judges*.

_____

RICHARD MALDONADO, P/K/A "RICHIE RAY," individually and in representation of the conjugal partnership formed by him and his wife MARIE DE LOS ANGELES MALDONADO, ROBERT CRUZ, P/K/A "BOBBY CRUZ," individually and in representation of the conjugal partnership formed by him and his wife ROSE MARIE CRUZ, AND RICHIE RAY & BOBBY CRUZ MUSIC PUBLISHING INC.,

                                        *Plaintiffs-Appellants*,

          -v-                                        09-4394-cv

VALSYN, S.A., an alien corporation, AND SONIDO, INC.,

                                        *Defendants-Appellees*.

_____

Appearing for Appellants:     Steven Blivess, Balber Pickard Maldonado & Van der Tuin, PC, New York, New York ( Roger Juan Maldonado, New York, New York; Juan A. Saavedra, San Juan, Puerto Rico, *on the brief*).

Appearing for Appellee Valsyn Inc:  Christelle Clement, New York, N.Y.

Appearing for Appellee Sonido Inc.:   Mariana D. Negron-Vargas and Carlos A. Garcia-Perez, Goldman Antonetti & Cordova, PSC, San Juan, Puerto Rico, *on submission*.

Appeal from the United States District Court for the Southern District of New York (Berman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants seek review of the September 23, 2009 decision and order of the United States District Court for the Southern District of New York granting appellees' motion for summary judgment on all federal law claims and dismissing the state law claims without prejudice. Appellants are salsa musicians who allege they properly rescinded their recording contracts with appellees in 2004, and that the subsequent exploitation of their works constitutes copyright infringement. The district court found appellants did not have the right to rescind the contracts at issue, and it is that ruling that appellants primarily attack on appeal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court properly found the equitable remedy of rescission was unavailable to plaintiffs. Under New York law, the "rescission of a contract is an extraordinary remedy." *Nolan v. Sam Fox Publ'g. Co.*, 499 F.2d 1394, 1397 (2d Cir. 1974). Where there is an adequate remedy at law, i.e., money damages, then a party is not entitled to the equitable remedy of rescission. *Rudman v. Cowles Commc'ns, Inc.*, 30 N.Y.2d 1, 13 (1972) (rescission "invoked only when there is lacking [a] complete and adequate remedy at law and where the status quo may be substantially restored"); *see also New Paradigm Software Corp. v. New Era of Networks, Inc.*, 107 F. Supp. 2d 325, 330 (S.D.N.Y. 2000); *Veneas-Hernandez v. Asociacion de Compositores v. Editores de Musica Latino Americana*, 424 F.3d 50, 56-57 (1st Cir. 2005) (applying New York law). Here, the record does not support appellant's argument that they cannot be fully compensated with an award of money damages.

We have examined the remainder of appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2